UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK GARNES,

                     Plaintiff,

          -against-

ABM JANITORIAL SERVICES, INC.,

                  Defendant.

1:22-CV-2078 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Mark Garnes filed this *pro se* action under Title VII of the Civil Rights Act and 42 U.S.C. § 1981, alleging that his former employer, Defendant ABM Janitorial Services, Inc. ("ABM"), discriminated against him because of his race and retaliated against him. Because Plaintiff also alleges that ABM withheld wages from him, as well as breached a collective bargaining agreement that it had made with Plaintiff's union, the Court construes Plaintiff's complaint as additionally asserting claims under the Fair Labor Standards Act, hybrid claims under the Labor Management Relations Act and the National Labor Relations Act, and claims under state law. Plaintiff seeks damages.

By order dated March 31, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses this action for failure to state a claim on which relief may be granted, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges that he was employed by ABM between November 2011, and August 31, 2015, when ABM fired him for a second time. He asserts that during that period, and perhaps,

until as late as November 8, 2015, when he began working for another employer, ABM

discriminated against him because of his race (African-American), and retaliated against him.

Plaintiff alleges that ABM did so by: (1) initially firing Plaintiff in August 2012, along with

other African-American employees, before reinstating him; (2) reducing Plaintiff's work hours

after reinstating him; (3) withholding Plaintiff's wages; and (4) firing Plaintiff again on August

31, 2015. Plaintiff alleges that by carrying out those actions, ABM breached a collective

bargaining agreement that it had made with Plaintiff's union.

Plaintiff filed his complaint in this court on March 11, 2022. He states in his complaint

that he did not file an administrative discrimination charge about the alleged events before he

filed his complaint in this court. (ECF 2, at 6.)

## DISCUSSION

**A.    Plaintiff's claims under federal law**

**1.    Title VII of the Civil Rights Act**

Title VII of the Civil Rights Act ("Title VII") provides that:

> [i]t shall be an unlawful employment practice for an employer . . . to fail or refuse
> to hire or to discharge any individual, or otherwise to discriminate against any
> individual with respect to his compensation, terms, conditions, or privileges of
> employment, because of such individual's race, color, religion, sex or national
> origin.

42 U.S.C. § 2000e-2(a)(1). This statute also prohibits an employer from retaliating against an

employee who has opposed any practice made unlawful by the statute. 42 U.S.C. § 2000e-3(a).

Before filing suit under Title VII, a plaintiff must first file a timely charge with the

United States Equal Employment Opportunity Commission ("EEOC") or appropriate state or

local agency, and obtain a Notice of Right to Sue from the EEOC. *See* 42 U.S.C. § 2000e-

5(e)(1), (f)(1); *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 146 (2d Cir. 2012). In New York,

this charge must be filed within 300 days of the alleged act of discrimination, *see* § 2000e-

5(e)(1); *Nat' l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); *Tewksbury v. Ottaway Newspapers*, 192 F.3d 322, 325-28 (2d Cir. 1999), and a Title VII action must be commenced within 90 days of receiving the Notice of Right to Sue, *see* § 2000e-5(f)(1). The exhaustion of these administrative remedies is not, however, a jurisdictional requirement, but rather, like a statute of limitations, subject to waiver, estoppel, and equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Johnson v. Al Tech Specialities Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1846 (2019) ("Title VII's charge-filing instruction is not jurisdictional. . . ."); *Hardaway v. Hartford Public Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018) ("[T]he burden of pleading and proving Title VII exhaustion lies with defendants and operates as an affirmative defense.").

### 2.     42 U.S.C. § 1981

42 U.S.C. § 1981 prohibits racial discrimination in, among other things, all contractual relationships, including the relationships associated with employment contracts.[1] *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 304 (1994). Unlike in cases brought under Title VII, there is no administrative-exhaustion requirement for claims brought under Section 1981. *See Johnson*

---

[1] Section 1981 states, in relevant part:

(a) . . . All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) . . . For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

42 U.S.C. § 1981(a), (b).

*v. Railway Express Agency, Inc.*, 421 U.S. 454, 465-66 (1975). There is, however, a three-year or four-year limitation period in which to bring a claim under Section 1981. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004) (claims under Section 1981 are governed by a four-year statute of limitations "if the plaintiff's claim against the defendant was made possible by" an Act of Congress enacted after Dec. 1, 1990); *Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004) (three years). "A § 1981 claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action." *Mamot v. Bilingual, Inc.*, No. 1:21-CV-6716, 2021 WL 4429566, at *5 (S.D.N.Y. Sept. 27, 2021) (internal quotation marks and citation omitted), *appeal dismissed*, No. 21-2533 (2d Cir. Nov. 3, 2021) (dismissal effective Nov. 24, 2021).

### 3.   Fair Labor Standards Act

The Court construes Plaintiff's allegations that ABM withheld his wages as asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. The FLSA seeks to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers. . . ." 29 U.S.C. § 202(a). It does so, in part, by setting substantive wage, hour, and overtime standards. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 11 (2011). The statute requires all employers to pay each of their employees "not less than" the prevailing minimum wage. 29 U.S.C. § 206(a)(1). There is no administrative-exhaustion requirement for claims brought under the FLSA. *See Barrentine v. Arkansas-Best Freight Sys., Inc.* 450 U.S. 728, 740 (1981). The limitation period in which to bring a claim under FLSA is generally two years, but if the violation is willful, it is three years. 29 U.S.C. § 255(a). A claim under the FLSA accrues "when the employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends." 29 C.F.R. § 790.21(b).

**4.**      **The Labor Management Relations Act and the National Labor Relations Act**

To the extent that Plaintiff asserts that ABM breached a collective bargaining agreement that it had made with Plaintiff's union, the Court construes Plaintiff's complaint as asserting hybrid claims under the Labor Management Relations Act ("LMRA") and the National Labor Relations Act ("NLRA"). An employee may bring a hybrid claim under these statutes against his union and/or his employer because: (1) the employer breached a collective bargaining agreement, and/or (2) his union breached its duty of fair representation in redressing his grievances against the employer. *White v. White Rose Food*, 128 F.3d 110, 113-14 (2d Cir. 1997). The employer's duty to honor the collective bargaining agreement is governed by Section 301 of the LMRA, *see* 29 U.S.C. § 185; *White*, 128 F.3d at 113 (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983)), and the union's duty of fair representation to its members is implied under the scheme set forth in Section 9(a) of the NLRA, *see* 29 U.S.C. § 159(a), *White*, 128 F.3d at 113-14 (citing *DelCostello*, 462 U.S. at 164). In a "hybrid § 301/fair representation claim," the employee may sue the union or the employer, or both, but must allege violations on the part of both. *DelCostello*, 462 U.S. at 165. There is no requirement to exhaust administrative remedies with a governmental entity, *see Boyd v. Teamsters Local Union* 553, 589 F. Supp. 794, 796-97 (S.D.N.Y. 1984), but "the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the [collective] bargaining agreement" before bringing such a claim, *Vaca v. Sipes*, 386 U.S. 171, 184 (1967), unless he "can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance," *id.* at 186. There is a six-month limitation period in which to bring such a claim. *See DelCostello*, 462 U.S. at 172. That period begins to run from "the time when plaintiff[] knew or reasonably should have known that such a breach had

occurred." *Cohen v. Flushing Hosp. & Med. Ctr.*, 68 F.3d 64, 67 (2d Cir.1995); *see White*, 128 F.3d at 114.

**B.      Dismissal and Leave to Replead**

Plaintiff alleges facts showing that his claims under federal law accrued, at the latest, on or about November 8, 2015. He did not file his complaint in this court, however, until March 11, 2022, well after the limitation periods for all of Plaintiff's claims under federal law appear to have expired.[2]

Because the failure to file an action within the relevant limitation period is a basis for an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), a plaintiff is generally not required to plead that his claims are timely filed, *see Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal *sua sponte* is appropriate, however, where the existence of an affirmative defense, such as untimeliness, is plain from the face of the complaint. *See Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011). The Second Circuit has, however, cautioned district courts not to dismiss a *pro se* action *sua sponte* on statute of limitations grounds without giving the *pro se* litigant notice and an opportunity to be heard. *See Abbas*, 480 F.3d at 640.

Because Plaintiff's claims under federal law appear to be untimely, the Court dismisses them for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff 30 days' leave to replead those claims in an amended complaint in which he alleges facts showing why those claims are timely or why the applicable limitation periods should be equitably tolled.

---

[2] The longest of the applicable limitation periods appears to have expired, at the latest, on or about November 8, 2019, four years after the relevant claim under Section 1981 accrued.

**CONCLUSION**

The Court dismisses Plaintiff's claims under federal law for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), but grants Plaintiff 30 days' leave to replead those claims in an amended complaint in which he alleges facts showing why those claims are timely or why the applicable limitation periods should be equitably tolled. If Plaintiff fails to comply with this order within the time allowed, the Court will enter judgment dismissing this action – the Court will dismiss Plaintiff's claims under federal law for failure to state a claim on which relief may be granted, *see id.*, and will decline to consider, under its supplemental jurisdiction, Plaintiff's claims under state law, *see* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 18, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge