UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK GARNES,

        Plaintiff,

-against-

ABM JANITORIAL SERVICES, INC.,

        Defendant.

1:22-CV-2078 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated April 18, 2022, the Court dismissed Plaintiff's claims under federal law for failure to state a claim on which relief may be granted because the Court found that those claims were untimely.[1] (ECF 4.) The Court granted Plaintiff 30 days' leave, however, to replead his claims under federal law in an amended complaint in which he could allege facts showing why those claims are timely or why the applicable limitation periods should be equitably tolled. (*Id.*) On May 27, 2022, Plaintiff filed his amended complaint, asserting claims under 42 U.S.C. § 1981, the Fair Labor Standards Act, hybrid claims under the Labor Management Relations Act and the National Labor Relations Act, as well as claims under state law.

      Plaintiff alleges no facts in his amended complaint showing that his claims under federal law are timely or that the applicable limitation periods should be equitably tolled. Accordingly, for the reasons discussed in the Court's April 18, 2022, order, the Court dismisses Plaintiff's

---

[1] Plaintiff proceeds in this action *pro se* and *in forma pauperis* ("IFP"). In his original complaint, Plaintiff asserted claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. In its April 18, 2022, order, the Court construed Plaintiff's original complaint as additionally asserting claims under the Fair Labor Standards Act, hybrid claims under the Labor Management Relations Act and the National Labor Relations Act, and claims under state law.

claims under federal law for failure to state a claim on which relief may be granted because those claims are untimely. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Court dismisses this action. The Court dismisses Plaintiff's claims under federal law for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law. 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 1, 2022
          New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge